MICHAEL COONEY, RESPONDENT, v. STEPHEN H. LITTLE ET AL., EXECUTORS, APPELLANTS.

Submitted December 7, 1922—Decided February 28, 1923.

1. The statute requiring the creditor of a deceased person to bring his action within three months after notice that his claim is disputed, is not a statute of limitation. the only limitation provided being that the general decree barring creditors shall bar any recovery the same as if the claim had not been presented within the time limit of the decree ; without such a decree there is no bar under the statute.

2. The six months' exemption from suits given the representatives of a deceased person is waived by notice that a claim is disputed, requiring an action to be brought within three months thereafter.

---

On appeal from the District Court of Morris County.

Before Justices PARKER, BERGEN and MINTURN.

For the respondent, *Henry F. Dempsey.*

For the appellants, *Parker, Emery & Van Riper.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff brought suit to recover from the executors of James Steuart McKie for services rendered during the lifetime of the testator; the services were rendered as

caretaker of the testator's property. His claim was for $5 a week, and he recovered at that rate, crediting payments, and the defendant appeals. The first ground urged by the appellant is that the action should have been dismissed because the suit was not instituted within three months after notice by the executor that the claim which he had presented was disputed. The complaint shows that the suit was instituted a few days after the three months had elapsed, the statute providing that "such creditor shall bring suit therefor in three months, from the time of giving such notice, and in any suit not commenced within said time said decree (decree to bar creditors) shall bar any recovery of the account or part so disputed, as if said debt or claim had not been presented, within the time so limited by said court." When this suit was brought there was no decree to bar creditors and none entered since, and our view of the law is that even if the suit is brought after the three months, but before the decree to bar creditors is entered, the creditor is not prevented from pursuing his remedy except by the decree, the only statutory bar being the decree, which should be pleaded.

The next point made is that the action should have been dismissed because it was instituted within less than six months from testator's death, contrary to the provisions of the Orphans' Court act, which provides that any action, except for funeral expenses, shall not be brought against executor or administrator of any decedent, within six months after probate.

This prohibition does not apply where the executor gave the notice of dispute because the creditor is notified to bring his action within three months thereafter. Different sections of the statutes must be read together, and the giving of such a notice is a waiver of the six months' exemption from suits.

The next point made is that the complaint set out a special contract, and no such contract was proved at the trial. What was proved was that the plaintiff performed the services, and their reasonable value, and that was sufficient for the complaint set out a claim based on an implied contract, but if it

was not broad enough it would now be amended, permitting the plaintiff to recover on a *quantum meruit*.

The next point made is that there was no evidence that the testator requested the services and that to recover on a *quantum meruit* it must be proved that the services were rendered at testator's request. There was no kin relationship between these parties, and the acceptance of the service presumes the request and promise to pay.

The next point made is that there was no evidence that the services were rendered during the time set forth in pleadings. The state of the case shows that one of the witnesses saw the plaintiff work on the property of the testator very often during the period from April 1st, 1920, to April 1st, 1922, which later date was that upon which the plaintiff was discharged from further service by the executor, and this fact was found by the court. The judgment will be affirmed, with costs.